UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD DAVENPORT,

    Petitioner,

v.                                                       Crim. Case No. 91-81019

                                                             HONORABLE AVERN COHN

UNITED STATES OF AMERICA,

    Respondent.

_____/

## **ORDER**

### I.

This is a criminal case. Before the Court is Petitioner's paper styled "Petitioner's Independent Action 'Hazel-Atlas Motion' Pursuant to Article III, United States Constitution and the Federal Rules of Civil Procedure Rule 60(b)" in which he challenges his 1992 conviction for armed bank robbery. For the reasons that follow, the motion is DENIED.

### II.

On March 27, 1992, a jury convicted Petitioner of three counts of armed bank robbery, in violation of 18 U.S.C. § 2113(d), three counts of carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), and three counts of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371. On July 22, 1992, Petitioner was sentenced to 150 months concurrent on the robbery counts, 60 months concurrent on the conspiracy counts, 5 years consecutive on the first gun count, and 20 years consecutive on each of the two subsequent gun counts. Petitioner

appealed, raising several claims, including the sufficiency of the evidence. The Court of Appeals for the Sixth Circuit affirmed Petitioner's conviction and sentence. United States v. Hester, No. 92-1947/2022, 1994 WL 140672 (6th Cir. Apr. 15, 1994) (unpublished).

Petitioner then filed a motion under 28 U.S.C. § 2255, raising several claims, including a claim that the government did not prove that the banks were federally insured. The Court denied the motion. See Order filed April 28, 1995. Petitioner appealed, raising only the claim regarding whether the evidence was sufficient to show the banks were federally insured. The Sixth Circuit affirmed, noting that the sufficiency of the evidence was decided on direct appeal and that such a claim may not be raised in a § 2255 proceeding. Davenport v. United States, No. 95-1919, 1996 WL 341170 (6th Cir. June 19, 1996) (unpublished).

In 1998, Petitioner filed a paper styled "Ex Parte Petition at Common Law to Dismiss All Charges," in which he claimed innocence and that the court lacked jurisdiction over his alleged crimes. Petitioner also filed a paper requesting that his motion not be construed as a second § 2255 motion. The Court denied the motion for lack of merit. See Order filed August 12, 1998. Petitioner appealed. The Sixth Circuit affirmed, noting that the Court properly denied the motion because Petitioner had not obtained permission to file a second § 2255 motion and had not presented grounds for obtaining permission. Davenport v. United States, No. 98-1984 (6th Cir. July 6, 1999) (unpublished).

On October 12, 2007, Petitioner filed the instant motion. The government, as

2

directed, filed a response arguing that the motion should be denied for lack of merit.[1]

III.

Federal Rule of Civil Procedure 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.

Petitioner argues that relief is warranted because the government committed a fraud upon the Court because the certificate purporting to establish that Michigan National Bank was federally insured actually referred to Standard Federal Bank. He also appears to argue that a certificate showing the FDIC insurance is not sufficient to show the element of a federal bank robbery.

As an initial matter, the government does not argue that Petitioner's motion should be treated as a § 2255 motion, not as a 60(b) motion. The Court is mindful of the possible negative consequences of recharacterizing Petitioner's motion as a § 2255 motion. See In re Shelton, 295 F.3d 620, 621 (6th Cir. 2002). Thus, the Court will proceed by treating Petitioner's motion as a 60(b) motion.

As the government notes, at trial the government introduced a certificate from the FDIC for each of the three banks Petitioner robbed. No objection was made as to their introduction. See Exhibit D of the government's response - trial transcript excerpt. Moreover, it is well established in this Circuit that the introduction of the victim bank's FDIC certificate will satisfy the government's burden on showing that the bank was

---

[1] Petitioner filed a motion to strike on the grounds that the government failed to file a timely response to his motion. In light of the government's response, the motion is DENIED AS MOOOT.

federally insured. See <u>United States v. Rowan</u>, 518 F.2d 685, 693 (6th Cir. 1975); <u>United States v. Riley</u>, 435 F.2d 725, 726 (6th Cir. 1970). In short, Petitioner has not shown any fraud upon the Court with respect to whether the banks were federally insured.

    SO ORDERED.

                                                s/Avern Cohn  
                                                AVERN COHN  
                                                UNITED STATES DISTRICT JUDGE

Dated: January 2, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Donald Davenport, #15645-039, USP Terre Haute, P.O. Box 33, Terre Haute, IN 47808 on this date, January 2, 2008, by electronic and/or ordinary mail.

                                                s/Julie Owens  
                                                Case Manager, (313) 234-5160