UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

       Plaintiff/Respondent,

v.                                                                Crim. Case No. 91-81019

                                                          HONORABLE AVERN COHN

DONALD DAVENPORT,

       Defendant/Petitioner.

_____/

### ORDER DENYING PETITIONER'S "LETTER REQUESTING RE-OPENING OF SENTENCE ON THE CONSENT OF THE DEPARTMENT OF JUSTICE OR IN THE ALTERNATIVE UNDER FEDERAL RULES OF CRIMINAL PROCEDURE RULE 529(b)." (Doc. 295)

I.

       This is a criminal case.  Before the Court is Petitioner's paper styled "Letter Requesting Re-Opening of Sentence on the Consent of the Department of Justice or in the Alternative under Federal Rules of Criminal Procedure 52(b)."  (Doc. 295).  For the reasons that follow, Petitioner's request is DENIED.

II.

       This case has a long procedural history due to Petitioner's multiple post conviction challenges.

       On March 27, 1992, a jury convicted Petitioner of three counts of armed bank robbery, in violation of 18 U.S.C. § 2113(d), three counts of carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), and three counts of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371.  On July

22, 1992, Petitioner was sentenced to 150 months concurrent on the robbery counts, 60 months concurrent on the conspiracy counts, 5 years consecutive on the first gun count, and 20 years consecutive on each of the two subsequent gun counts.  Petitioner appealed, raising several claims, including the sufficiency of the evidence. The Court of Appeals for the Sixth Circuit affirmed Petitioner's conviction and sentence.  United States v. Hester, No. 92-1947/2022, 1994 WL 140672 (6th Cir. Apr. 15, 1994) (unpublished).

In 1995, Petitioner then filed a motion under 28 U.S.C. § 2255, raising several claims, including a claim that the government did not prove that the banks were federally insured.  The Court denied the motion.  (Doc. 180).  Petitioner appealed, raising only the claim regarding whether the evidence was sufficient to show the banks were federally insured.  The Sixth Circuit affirmed, noting that the sufficiency of the evidence was decided on direct appeal and that such a claim may not be raised in a § 2255 proceeding.  Davenport v. United States, No. 95-1919, 1996 WL 341170 (6th Cir. June 19, 1996) (unpublished).

In 1998, Petitioner filed a paper styled "Ex Parte Petition at Common Law to Dismiss All Charges," in which he claimed innocence and that the court lacked jurisdiction over his alleged crimes.  Petitioner also filed a paper requesting that his motion not be construed as a second § 2255 motion.  The Court denied the motion for lack of merit.  (Doc. 256)  Petitioner appealed.  The Sixth Circuit affirmed, noting that the Court properly denied the motion because Petitioner had not obtained permission to file a second § 2255 motion and had not presented grounds for obtaining permission. Davenport v. United States, No. 98-1984 (6th Cir. July 6, 1999) (unpublished).

2

In 2007, Petitioner filed a motion styled as an "Independent Action," contending that the government perpetrated a fraud on the Court in the course of establishing that the bank which was robbed was federally insured. The Court denied the motion for lack of merit. (Doc. 286). Petitioner appealed. The Sixth Circuit affirmed. See Doc. 290.

In January 2013, Petitioner filed a motion in the Sixth Circuit seeking authorization to file a second petition under § 2255 on the grounds that his convictions violate Double Jeopardy. The Sixth Circuit denied permission. See Doc. 294.

On August 14, 2014, Petitioner filed the instant "letter" requesting that his sentenced be reopened. The government, at the Court's request, filed a response.

III.

Petitioner's request to reopen lacks merit. Petitioner cites as grounds a case from the Eastern District of New York, Holloway v. United States, 2014 WL 1942923 (E.D.N.Y. May 14, 2014). In Holloway, the district court directed the government to consider agreeing to vacate certain of the defendant's convictions because, in the district court's view, the defendant received an unduly harsh sentence years ago due in part to the "stacking" of his § 924(c) convictions. The district court was also prompted to make the request due to the defendant's good behavior in prison and the government's suggestion, based on a conversation with the Office of the Pardon Attorney, that the defendant may be eligible to apply for a commutation of his sentence.

As the government points out in its response, even assuming there is authority to reopen Petitioner's sentence at this late date, his circumstances are wholly different from the defendant in Holloway.

Moreover, to the extent Petitioner seeks relief under Fed. R. Crim. P. 52(b), his

request lacks merit.  Rule 52(b) provides that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b).  There must be (1) "error," (2) that is "plain," and (3) that "affect[s] substantial rights."  United States v. Olano, 507 U.S. 725, 732 (1993) (alteration in original).  If these conditions are met, "an **appellate court [not a district court]** may then exercise its discretion to notice a forfeited error, but only if (4) the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.' " Johnson v. United States, 520 U.S. 461, 467 (1997) (alteration in original) (quoting Olano, 507 U.S. at 736, 113 S.Ct. 1770) (emphasis added).  Thus, Rule 52(b) does not apply to Petitioner's request.

Finally, Petitioner appears to once again raise a Double Jeopardy argument.  In light of the fact that the Sixth Circuit has denied him permission to file a second petition raising such a claim, this Court lacks jurisdiction to consider it.

SO ORDERED.

_S/Avern Cohn_____
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  October 8, 2014
         Detroit, MI

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 8, 2014, by electronic and/or ordinary mail.

S/Sakne Chami_____
Case Manager, (313) 234-5160